**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**DARIEL CABRERA-CENTENO,**

      **Petitioner,**

**v.**                                     **2:26-cv-00518-DHU-KRS**

**DORA CASTRO, Warden of Otero County**
**Processing Center; MARY DE ANDA-YBARRA,**
**ICE Director of El Paso Field Office; KRISTI**
**NOEM, DHS Secretary; and PAMELA BONDI,**
**U.S. Attorney General,**

      **Respondents.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Dariel Cabrera-Centeno's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner is currently in immigration detention and alleges that he was unlawfully detained without the opportunity for a bond hearing, in violation of his due process rights and the Immigration and Nationality Act (INA). Doc 1. at ¶¶ 47-55. Petitioner asks the Court to declare his detention unlawful and to grant a writ of habeas corpus ordering Respondents to immediately release him or, alternatively, provide him with a bond hearing. *Id.* at 13. For the reasons below, the Petition is **GRANTED.**

### I.    FACTUAL BACKGROUND

Petitioner is a Cuban citizen who lives in Texas with his wife, who is a lawful permanent resident. Doc 1. at ¶¶ 12, 15. He entered the U.S. in August 2021, was released on his own recognizance, and fully complied with all of his conditions. *Id.* at ¶¶ 13-14. Petitioner states that his case was dismissed in June 2025 and that he has a pending I-485 under the Cuban Adjustment

Act. *Id.* at ¶¶ 16-17. He also claims that he has never missed a court date and has no criminal history. *Id.* at ¶ 18.

Petitioner is currently in ICE's custody at the Otero County Processing Center in Chaparral, New Mexico, and was denied a bond hearing in December 2025. *Id.* at ¶¶ 19-20. On February 22, 2026, Petitioner filed the instant Petition, arguing that his "continued detention under 8 U.S.C. § 1225 is unnecessary and has now become unreasonably prolonged in direct violation of the Due Process Clause of the Fifth Amendment." *Id.* at 2. He asks this Court to:

(1) Assume jurisdiction over this matter;

(2) Declare that Petitioner's ongoing prolonged detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231(a);

(3) Issue a writ of habeas corpus ordering Respondents to release Petitioner immediately or, alternatively, order a constitutionally compliant bond hearing; and

(4) Grant any further relief this Court deems just and proper.

*Id.* at 13-14.

On March 9, 2026, Respondents responded to the Petition, asserting that the facts of this case are "substantially similar" to *Requejo Roman v. Castro*, CIV. A. No. 25-1076, 2026 U.S. Dist. LEXIS 15709 (D.N.M. Jan. 12, 2026), and that "this Court's decision in *R[e]quejo Roman v. Castro*, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 8 at 2. Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is

an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.*

## II.    LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.    DISCUSSION

The facts of this case are materially indistinguishable from prior cases this Court has decided—such as *Requejo Roman* and *Velasquez Salazar v. Dedos et al.*, ——F.Supp.3d——, 2025 WL 2676729 (D.N.M. 2025)—involving habeas petitioners who were detained within the United States rather than at a border crossing or port of entry. "Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of virtually all other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond

hearing." *Uribe v. Noem*, CIV. A. No. 25-1139, 2026 WL 127621, at *3 (D.N.M. Jan. 16, 2026) (footnote omitted).[1]

The Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention and that the Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. *See* Doc. 8. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), favor shifting the burden of proof to the Government in any future bond hearing.

### IV. CONCLUSION

For the reasons stated above, Petitioner's habeas petition (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within twenty-four (24) hours of this Order and that the parties submit a joint status report to the Court **no later than Friday, March 27, 2026**, confirming Petitioner's timely release. **IT IS FURTHER ORDERED** that Respondents are **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that Petitioner is a danger to his community or a flight risk.

---

[1] The Court acknowledges that the United States Court of Appeals for the Fifth Circuit has recently adopted the minority position on this issue. *Buenrostro -Mendez v. Bondi,* 166 F.4th 494 (5th Cir. Feb. 6, 2026). However, at this time neither the United States Court of Appeals for the Tenth Circuit nor the United States Supreme Court has handed down a binding, precedential opinion and, until either of those courts weigh in, this Court has and will continue to follow the majority position. The decisions of a limited minority of courts that have endorsed Respondents' interpretation of § 1225 does not change the Court's conclusion, which rests on the plain language of the relevant statutory text as properly understood within the mandatory and discretionary detention framework codified in the INA.

Petitioner may submit an application for attorney's fees within thirty (30) days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED**.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE